16151

STATE v. LINCOLN

(50 S. E. (2d) 687)

554

*Mr. L. A. Hutson,* of Orangeburg, *for Appellant,*

*Mr. Julian S. Wolfe, Solicitor, of Orangeburg, for Respondent,*

November 29, 1948.

STUKES, Justice.

Appellant was convicted of murder at the January, 1948, Term of the Court of General Sessions for Orangeburg County and sentenced to death. He appeals upon exceptions which will be disposed of hereinafter without discussion *seriatim*.

The evidence for the State tended to prove that he went berserk with a shotgun at the rural home of his mother-in-law on the evening of November 15, 1947, and shot to death his brother-in-law and his sister-in-law, the deceased, Bertha Adams Johnson, and for the killing of the last named he was brought to trial.

Appellant was separated from his wife who was staying at her mother's home. About four o'clock in the afternoon preceding the evening of the tragedy he went unarmed to the house in an effort to see his wife but was turned away by the latter's mother and the threats of his brother-in-law

who had a pistol and fired it into the ground in warning. Appellant thereupon left the premises with the statement that he would return. He went to the neighborhood of his home and obtained without permission from the house of his uncle the shotgun and shells with which he later inflicted the death wounds. He entered the house in the nighttime without warning and shot his brother-in-law to death when the latter went to the front of the house to investigate the noise attendant upon appellant's entry. The deceased and others of the family had been sitting in a rear room. Appellant then ran through the hallway and shot Bertha fatally in the kitchen where she had gone for basin and water to bathe her wounded brother. He then went into the yard, firing at other members of the family who had fled the house, hitting at least one.

Appellant thereafter left the scene and was not apprehended until morning. Meanwhile he confided the fact of the killings to a friend who testified at the trial concerning the admission. Appellant's defense was alibi in which he was supported by one, possibly two other witnesses, and the issue was submitted to the jury who returned the verdict of guilty.

The evidence was more than ample to sustain the conviction beyond a reasonable doubt. It need not be further reviewed. There was no motion for a directed verdict of not guilty and the exceptions do not impute error in the admission or exclusion of evidence or in the instructions to the jury.

In the course of the trial, at the end of a noon recess and before the trial had been resumed, the court heard the guilty pleas of three defendants in entirely unrelated prosecutions and sentenced them, without objection of appellant or his counsel. This was later made a ground of a motion by appellant for mistrial. No prejudice to appellant could have resulted from this occurrence. It was not uncommon in the regular proceedings of a criminal court, had noth-

ing to do with the pending trial of appellant and did not affect it one way or the other.

Another ground for mistrial then and new trial now is the fact that a newsboy entered the court room during the progress of the trial and, unobserved by the court, solicited and sold a member of the jury a Columbia newspaper. As soon as it was noticed by the presiding judge he rebuked the boy. There was and is no showing that the paper, published in another city, contained any reference to the pending trial of appellant. It was a proper exercise of discretion to refuse appellant's motion for mistrial on this account. The law relating to similar interruptions of criminal trials by strangers and spectators is contained in the authorities cited in *State v. Harris*, 212 S. C. 124, 46 S. E. (2d) 682.

During the deliberation of the jury they returned to the court room and asked that the testimony of a State's witness, who was the nephew of appellant's wife and the son of her slain brother, be read to them by the stenographer. The request was granted and the stenographer read from his notes the questions and answers of this witness but failed to read the objections and rulings as they occurred in the testimony. Thereupon the court required the stenographer to read the objections and rulings, which was done. There was no objection by counsel at the time. However, he now asserts error and prejudice. None is found.

In keeping with the rule *in favorem vitae* the trial record has been searched for prejudicial error, whether made the basis of exception or not. None appears.

The exceptions are overruled and the judgment affirmed.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.